# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

STEPHANIE BOWEN,

    PLAINTIFF,

VS.                                CV NO.:

BWW, INC., d/b/a
ServPro of Birmingham,

    DEFENDANT.              JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII). The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against gender and/or sex discrimination.

2.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3.     Plaintiff, Stephanie Bowen, (hereinafter "Plaintiff") is a resident of Pelham, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4.     Defendant BWW, Inc., d/b/a ServPro of Birmingham, (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331, 29 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, *et seq.* Defendant employed at least fifteen (15) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.     Plaintiff is a female.

7.     Defendant hired Plaintiff on or about September 6, 2017.

8.     Defendant initially employed Plaintiff as a Construction Administrative Assistant.

9. Plaintiff worked in the position of Construction Administrative Assistant until January 2, 2018.

10. On January 2, 2018, Defendant transferred Plaintiff to the position of Project Coordinator for Reliable Builders, LLC, which is a company that is either owned by or associated with Defendant.

11. However, despite the transfer, Plaintiff performed concurrent duties for Defendant and Reliable Builders, LLC until approximately August 2018.

12. During July 2018, Defendant had an open and available position as a Sales & Marketing Representative.

13. Defendant posted the open position on Indeed.com.

14. Plaintiff informed Defendant's Sales & Marketing Manager, Jeremy Britton, that she wanted to interview for the job.

15. Britton responded by saying, "We don't hire females for that position because they can't go on-call to the bad neighborhoods."

16. Shortly thereafter, Defendant hired a male that was under forty years of age for the available Sales & Marketing Representative position.

17. Upon information and belief, Defendant hired Chase Zeegers for the available Sales & Marketing Representative position.

18. Defendant terminated Plaintiff's employment on October 9, 2018.

19. Defendant's General Manager, Josh Cox, informed Plaintiff of the termination.

20. Cox stated, "I think you know why you are here," to which Plaintiff responded that she did not know. Cox said, "As of today, we are going to terminate your employment. Do you have any questions?" Plaintiff asked Cox why Defendant terminated her employment. Cox stated, "You are being fired for not doing your work."

21. In late September 2018, Defendant issued Plaintiff a written disciplinary notice about not paying purchase orders that were two-years old.

22. Aside from the September 2018 errors related to purchase orders that existed prior to Plaintiff's hiring, Defendant did not issue Plaintiff any other disciplinary notices.

23. Defendant uses a progressive discipline policy wherein several steps must occur before termination.

24. Defendant did not follow its progressive discipline policy when it terminated Plaintiff employment.

25. Defendant did not discipline or terminate male employees, including superintendents, that failed to pay purchase orders in a timely manner.

26. Shortly after Defendant's decision to terminate Plaintiff's employment, Plaintiff submitted an application for unemployment compensation benefits to the Alabama Department of Labor.

27. The Alabama Department of Labor informed Plaintiff that Defendant terminated her employment for refusing "to do collections" on October 8, 2018.

28. Defendant's reason given to the Alabama Department of Labor is not true, as Plaintiff never refused to perform her job duties.

29. Defendant later changed its reason for Plaintiff's termination to "failure to obtain certificates of insurance from its subcontractors."

### IV. COUNT ONE – Title VII – Sex Discrimination – Failure to Promote

30. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 29 above.

31. Plaintiff is a female.

32. Defendant hired Plaintiff on or about September 6, 2017.

33. During July 2018, Defendant had an open and available position as a Sales & Marketing Representative.

34. Defendant posted the open position on Indeed.com.

35. Plaintiff informed Defendant's Sales & Marketing Manager. Jeremy Britton, that she wanted to interview for the job.

36. Britton responded by saying, "We don't hire females for that position because they can't go on-call to the bad neighborhoods."

37. Shortly thereafter, Defendant hired a male that was under forty years of age for the available Sales & Marketing Representative position.

38. Upon information and belief, Defendant hired Chase Zeegers for the available Sales & Marketing Representative position.

39. In violation of Title VII, Defendant denied Plaintiff the position of Sales & Marketing Representative in whole or in part because of her gender and/or sex.

40. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V. COUNT TWO – Title VII – Sex Discrimination –Termination

41. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 40 above.

42. Plaintiff is a female.

43. Defendant hired Plaintiff on or about September 6, 2017.

44. Defendant terminated Plaintiff's employment on October 9, 2018.

45. Defendant's General Manager, Josh Cox, informed Plaintiff of the termination.

46. Cox stated, "I think you know why you are here," to which Plaintiff responded that she did not know. Cox said, "As of today, we are going to terminate your employment. Do you have any questions?" Plaintiff asked Cox why Defendant terminated her employment. Cox stated, "You are being fired for not doing your work."

47. In late September 2018, Defendant issued Plaintiff a written disciplinary notice about not paying purchase orders that were two-years old.

48. Aside from the September 2018 errors related to purchase orders that existed prior to Plaintiff's hiring, Defendant did not issue Plaintiff any other disciplinary notices.

49. Defendant uses a progressive discipline policy wherein several steps must occur before termination.

50. Defendant did not follow its progressive discipline policy when it terminated Plaintiff employment.

51. Defendant did not discipline or terminate male employees, including superintendents, that failed to pay purchase orders in a timely manner.

52. Shortly after Defendant's decision to terminate Plaintiff's employment, Plaintiff submitted an application for unemployment compensation benefits to the Alabama Department of Labor.

53. The Alabama Department of Labor informed Plaintiff that Defendant terminated her employment for refusing "to do collections" on October 8, 2018.

54. Defendant's reason given to the Alabama Department of Labor is not true, as Plaintiff never refused to perform her job duties.

55. Defendant later changed its reason for Plaintiff's termination to "failure to obtain certificates of insurance from its subcontractors."

56. In violation of Title VII, Defendant terminated Plaintiff's employment for late payment of purchase orders but did not terminate the employment of male superintendents that engaged in the similar practice of failing to pay purchase orders in a timely manner.

57. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Title VII of the Civil Rights Act of 1964;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

C. Award Plaintiff back pay, together with employment benefits, front pay, compensatory damages; punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 626 that the actions of Defendant violated the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

/s/ Allen D. Arnold
Allen D. Arnold

**OF COUNSEL:**
ALLEN D. ARNOLD, Attorney at Law
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
(205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
BWW, Inc.
c/o Phillip Brady Wilson
2000 Huntley Parkway
Pelham, AL 35124